United States District Court
Southern District of Texas
FILED

OCT 0 7 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FAUSTINO HERNANDEZ | § § § | C.A. NO. **B-02-195** |
| V. | § § | |
| FERNANDO SIFUENTES | § § § § | JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff **FAUSTINO HERNANDEZ** complains of Defendant **FERNANDO SIFUENTES (herein "Defendant")**, and would respectfully show this Honorable Court the following:

### I. JURISDICTION AND VENUE

1. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1332 (a) (1).

2. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1).

### II. PARTIES

3. Plaintiff is a resident of Palacios, Matagorda County, Texas.

4. At all times material hereto Defendant, **FERNANDO SIFUENTES** maintains his place of business in the State of Texas. This cause of action arose from or in connection with, purposeful acts committed by Defendant in Texas. Defendant may be served at 801 4th Street, Palacios, Texas.

### III. JONES ACT AND GENERAL MARITIME LAW
### CAUSES OF ACTION

5.  Plaintiff's claims against Defendant are maintained under the Jones Act, 46 U.S.C., § 688(a), et. seq., and the general maritime law of the United States.

6.  On or about **May 10, 2002**, Plaintiff **FAUSTINO HERNANDEZ** was employed as a seaman by Defendant Fernando Sifuentes on board the F/V AZTECA, which was owned and/or operated by Defendant. On or about that date Faustino Hernandez sustained serious and disabling injuries to his left hand while in the course and scope of his employment.

7.  The incident made the basis of this lawsuit and the injuries sustained by Plaintiff were legally caused by the negligent acts of or omissions of Defendant, Fernando Sifuentes, his agents, servants and/or employees, acting in the course and scope of their employment.

8.  The incident made the basis of this lawsuit and the injuries sustained by Plaintiff were legally caused by the unseaworthy condition of the F/V AZTECA.

### IV. DAMAGES

9.  Plaintiff has incurred substantial damages as a result of the incident described above. There are certain elements of damage, provided by law, that Plaintiff is entitled to have considered separately to determine the sum of money that will fairly and reasonably compensate him for the injuries, damages, and losses he has, and will, incur.

From May 10, 2002, until the time of trial of this cause, those elements of damage which should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff are:

    a.    The physical pain that Plaintiff has suffered;

    b.    The mental anguish that Plaintiff has suffered;

    c.    The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries;

    d.    The loss of earning capacity Plaintiff has suffered;

    e.    The damages resulting from the physical impairment suffered by the Plaintiff; and

    f.    The disfigurement sustained by Plaintiff.

Plaintiff would show that in reasonable probability his injuries and damages will continue into the future. Plaintiff's future losses, from the date of trial and beyond, include:

    g.    The physical pain that Plaintiff will suffer in the future;

    h.    The mental anguish that Plaintiff will suffer in the future;

    i.    The reasonable value of the medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries after trial;

    j.    The reduction in Plaintiff's future earning capacity;

    k.    The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future; and

    l.    The damages from the disfigurement Plaintiff will suffer in the future.

The total of Plaintiff **FAUSTINO HERNANDEZ**'s damages, both past and future, exceed $750,000.00. These damages were legally caused by Defendant.

## V. MAINTENANCE AND CURE CAUSE OF ACTION

10.     Plaintiff **FAUSTINO HERNANDEZ** further states that Defendant has refused to pay him proper maintenance and cure benefits.  Defendant's failure to pay these benefits was both unreasonable and arbitrary and capricious.  Plaintiff states that in addition to full maintenance and cure benefits, he is entitled to full tort damages as a result of Defendant's unreasonable refusal to pay him maintenance and cure.  Plaintiff states that the arbitrary and capricious refusal of the Defendant to make maintenance payments to him and/or to contribute necessary funds to provide him with adequate cure shows a willful and wanton disregard for the Plaintiff's well-being for which Defendant is punitively liable to him.  For these reasons, Plaintiff would show that he is entitled to full maintenance and cure benefits, to full tort damages for unreasonable failure to pay maintenance and cure, and to attorneys' fees. Plaintiff's damages for this cause of action exceed $200,000.00.

## VI. PRAYER

WHEREFORE, Plaintiff **FAUSTINO HERNANDEZ** prays that citation be issued and served upon Defendant in the form and manner prescribed by law, requiring that Defendant appear and answer herein; that upon final hearing hereon, Plaintiff have judgment against Defendant for a total in excess of $950,000.00; pre-judgment interest as allowed by law; post-judgment interest; all costs of court; and all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: _____
Richard Schechter
TBN 17735500
Federal Admission No. 1278
ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

RICHARD SCHECHTER, P.C.
11 E. Greenway Plaza, Suite 2010
Houston, TX 77046-1102
713-623-8919
713-622-1680/FAX

BY: B. Vic Shapiro _____ *
B. Vic Shapiro
TBN 18109360
Federal Admission No.
CO-COUNSEL FOR PLAINTIFF

OF COUNSEL:

LAW OFFICE OF B. VIC SHAPIRO
5718 Westheimer, Suite 940
Houston, TX 77056
713-780-3230
713-780-4884/FAX

*SIGNED BY PERMISSION